UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JASON PAUL CHESTER, | CASE NO. 2:24-cv-00674-LK |
| Plaintiff, | ORDER DENYING MOTION FOR RECONSIDERATION OR TO ALTER OR AMEND THE JUDGMENT |
| v. | |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

This matter comes before the Court on pro se Plaintiff Jason Paul Chester's objections. Dkt. No. 16. Because the Court had already issued a judgment in this case by the time it received Mr. Chester's objections, Dkt. No. 15, the Court liberally construes the objections as either a motion for reconsideration under Local Civil Rule 7(h) or a motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e). Having considered the motion and the remainder of the record, the Court denies the motion.

## I. BACKGROUND

Mr. Chester, who is proceeding in forma pauperis ("IFP"), filed his complaint on May 13, 2024. Dkt. Nos. 1, 5. In the intervening months, Mr. Chester filed praecipes to issue summons

1    three times, Dkt. Nos. 7, 9, 11, each of which was deficient, *see* Dkt. Nos. 8, 10, 12. Although the

2    Clerk provided instructions on what information must be included in the deficient sections, *see,*

3    *e.g.*, Dkt. No. 12 at 1, Mr. Chester did not respond, nor did he file a corrected summons or proof

4    of service. On May 1, 2025, over six months after the Clerk's most recent deficiency notification,

5    this Court ordered Mr. Chester to show cause within 21 days why his case should not be dismissed

6    for failure to serve the Defendant pursuant to Federal Rule of Civil Procedure 4(m) and for failure

7    to prosecute. Dkt. No. 13 at 2. On June 27, 2025, having received no response to the order to show

8    cause, the Court dismissed the case. Dkt. No. 14; *see also* Dkt. No. 15 (judgment). On July 17,

9    2025, the Court received Mr. Chester's objections. Dkt. No. 16.

10                                    **II.    DISCUSSION**

11              Mr. Chester raises numerous objections in his submission. For example, he contends that

12    his complaint contained a "a short and plain statement" of his claim pursuant to Federal Rule of

13    Civil Procedure 8(a)(2), and he was "[n]ot required too, [sic] 'set out in detail the facts upon which

14    he bases his claim.'" Dkt. No. 16 at 2–3 (quoting *Conley v. Gibson*, 355 U.S. 47-48 (1957)). He

15    also avers that the United States is not immune from suit because "congeress [sic] expressly waived

16    soverign [sic] immunity under Administrative Procedures Act Administrative Procedures Act

17    ('APA')"). *Id.* at 2. He also complains that the Court did not construe his complaint in the light

18    most favorable him, "f[ou]nd[] error where none exist [sic] so its [sic] impossible too [sic] satisfy

19    it e.g. process of service, pleadings standard, injury-in-fact, etc.," and "acted in colusion [sic] with

20    the Department of State in an attempt too [sic] bring about the comission [sic] of a crime per 8

21    U.S. Code § 1185 (b)[.]" Dkt. No. 16 at 1, 3–4. Mr. Chester further asserts that the "[l]ack of

22    service is entirely of [the Court's] own doing," as "[t]he U.S. Marshals service is suppose [sic] to

23    carry that out and there is nothing that needs to be done to initiate it because the court must order

24    it." Dkt. No. 16 at 2.

ORDER DENYING MOTION FOR RECONSIDERATION OR TO ALTER OR AMEND THE JUDGMENT - 2

Motions for reconsideration are disfavored under the local rules, and the Court "will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." LCR 7(h)(1); *see also Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (noting that reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources" (citation modified)). Movants are required to "point out with specificity the matters which the movant believes were overlooked or misapprehended by the court, any new matters being brought to the court's attention for the first time, and the particular modifications being sought in the court's prior ruling." LCR 7(h)(2). A motion for reconsideration does not "provide litigants with a second bite at the apple." *Stevens v. Pierce Cnty.*, No. C22-5862 BHS, 2023 WL 6807204, at *2 (W.D. Wash. Oct. 16, 2023).

Reconsideration under Federal Rule of Civil Procedure 59(e) "is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262–63 (9th Cir. 1993).

Mr. Chester's motion fails to meet the above standards. As explained in its earlier Order, Dkt. No. 14 at 2, this Court dismissed Mr. Chester's complaint not for failure to provide "a short and plain statement of [his] claim," Fed. R. Civ. P. 8(a)(2), but for failure to serve and failure to prosecute. Thus, dismissal was proper regardless of whether Mr. Chester's complaint satisfied additional procedural or substantive requirements (even assuming, without deciding, that it did so). Mr. Chester was provided with a fulsome explanation of every deficiency which the Clerk's Office and the Court flagged in his pleadings, and was provided with an opportunity to correct the deficiencies before dismissal of his case. *See* Dkt. Nos. 3 (explaining that Mr. Chester's complaint was deficient for failure to failure to pay the filing fee or submit an IFP application and for failure

to submit a Notice of Pendency of Other Action), 8 (explaining that Mr. Chester's summons form was deficient because it did not contain his name and address), 10 (same; also noting that date must be left blank at bottom of form), 12 (same),  13 (explaining that Mr. Chester had failed to prosecute case or serve Defendant for eight months). Furthermore, although IFP litigants may request that the Court have "service be made by a United States marshal," Fed. R. Civ. P. 4(c)(3); *see also* 28 U.S.C. § 1915(d), Mr. Chester never did so. The Supreme Court has made it clear that "[d]istrict judges have no obligation to act as counsel or paralegal to pro se litigants." *Pliler v. Ford*, 542 U.S. 225, 231 (2004)). To do so "would undermine district judges' role as impartial decisionmakers." *Id.*[1]

## III.  CONCLUSION

For the reasons outlined above, the Court DENIES Mr. Chester's motion. Dkt. No. 16.

Dated this 20th day of October, 2025.

Lauren King
United States District Judge

---

[1] Mr. Chester's other objections—which refer to issues that did not arise in this case, cite to other cases in this District, and complain broadly about "[t]his court (WAWD)" and "officers" thereof, *see generally* Dkt. No. 16—appear to be directed at other of his numerous cases that have been dismissed in this District. *See Chester v. United States of America*, No. 3:24-cv-05410-DGE, Dkt. No. 8 (dismissing case because, among other things, Mr. Chester did not identify a cause of action in which Congress has waived sovereign immunity on behalf of the United States, and noting that Mr. Chester's objections referred to his prior lawsuit); *Chester v. United States Department of State*, No. 3:23-cv-05367-DGE, Dkt. No. 66 (June 10, 2024) (dismissing case); *Chester v. Tacoma Community College*, No. 3:12-cv-05473-RBL (closed February 18, 2014); *Chester v. U.S. Government Judicial Branch*, No. 3:12-cv-05521-BHS (closed June 26, 2012). The Court does not consider objections to decisions in other cases. Mr. Chester's complaint that "access too [sic] the filing via cm/ecf is being blocked by pacer," Dkt. No. 16 at 5, also appears to refer to a different proceeding; Mr. Chester never registered to e-file in this case and instead mailed all filings to the Court, and the Court mailed all orders and other correspondence to the address he provided.